JUSTICE TRIEWEILER
concurring in part and dissenting in part.
I concur with the decision of the majority to reverse the judgment of the District Court. However, I would do so for reasons different from those of the majority.
I would reverse the judgment of the District Court because it was based on the “accepted work doctrine” which I conclude should no longer be followed in Montana.
I disagree that there is an inadequate record on which to base a decision whether to follow this antiquated theory, and believe that it is a disservice to the parties and to the District Court to require that they jump through further hoops before addressing the legal issue raised by this appeal.
In Harrington v. LaBelle’s of Colorado (1988), 235 Mont. 80, 765 P.2d 732, this Court held in a five to two decision that it would continue to follow the accepted work doctrine first adopted in Montana in Ulmen v. Schwieger (1932), 92 Mont. 331, 12 P.2d 856. However, two members of the five person majority are no longer members of this Court, and I did not participate in that decision. However, I agree with the dissenting opinion in that case which was authored by Mr. Justice Weber and concurred in by Mr. Justice Hunt.
The issue of whether the accepted work doctrine bars recovery by the plaintiff against the defendant Ballou has been squarely framed *180 by the pleadings in this case, by the testimony of the parties, and by the stipulations of the parties, as presented in their appellate briefs. It makes no sense to consume further time and expense of the parties and waste valuable time and resources of the District Court to add unnecessary information to the record before indicating how the seventh member of this Court would vote on the issue of retaining the “accepted work doctrine.”
While it is correct that the record is inadequate for purposes of determining whether this is an appropriate case in which to apply a “latent defect” exception to the doctrine, it is unnecessary to consider the latent defect exception if this Court decides to no longer follow the accepted work doctrine.
I agree with the Circuit Court of Appeals for the District of Columbia when it held in Hanna v. Fletcher (D.C. Cir. 1956), 231 F.2d 469, that the antiquated reasons for the accepted work doctrine based on lack of privity have no place in modern theories of liability, as set forth in MacPherson v. Buick Motor Company (1916), 217 N.Y. 382, 111 N.E. 1050.
I agree with the Supreme Court for the State of Texas when it held in Strakos v. Gehring (Tex. 1962), 360 S.W.2d 787, 791, that elimination of the accepted work doctrine would restore logic and simplicity to the law of liability.
The accepted work doctrine can only accomplish one of two undesirable results. It either shifts liability from the negligent party to an innocent property owner who, in most cases, has insufficient expertise with which to discover defects, or eliminates liability on the part of anyone. In that event, it shifts the burden of a negligent party’s conduct to the innocent victim. Neither of these results are desirable in light of modern theories of liability, and this Court should say so.
The majority avoids discussing the legal issues raised in this appeal by concluding that both plaintiffs and defendant Ballou have failed to provide this Court with facts which would entitle them to judgment as a matter of law. However, I disagree. The parties have stipulated to an adequate factual record on which to review the issue of whether this Court will continue to follow the accepted work doctrine.
In Harrington, we indicated that five factors were critical in our application of the accepted work doctrine in that case. They were:
1. That the work had been turned over to the owner;
2. That the owner had accepted the work;
3. That upon completion the owner paid the contractor;
*181 4. That the contractor completely removed itself from the premises prior to the accident; and
5. That there was no follow-up work or any complaints about the contractor’s work.
In his appellate brief, Ballou points out that there was deposition testimony from the defendant and from John Schubert, the former owner of the premises, establishing each of these five elements. He includes references to the pages in those depositions at which point those elements were established. While it is true that the depositions have not been filed with this Court on appeal, their absence is insignificant because in their reply brief, plaintiffs concede that all five elements have been established. They specifically state that:
Appellants do not dispute criteria 1 through 4, however, addressing separately criteria 5, Appellants state that although there was not follow up work performed by Respondent Ballou, there was no other person in the 20-month period from the time Respondent completed his work until the Appellants’ injuries occurred, who worked on the unit.
In other words, the parties stipulate that all five criteria which were found necessary in Harrington for the application of the accepted work doctrine are present in this case.
To remand this case to the District Court for further factual development and to supplement the record without indicating to the parties and to the District Court how the seventh member of this Court would vote on the issue of retaining the “accepted work doctrine” is a complete waste of everyone’s time and money. It is because of unnecessary academic exercises like this that people become frustrated with the judicial process. For these reasons, I dissent from that part of the majority opinion which suggests that further factual development is necessary before we can address the dispositive issue in this case. I would decline to follow the accepted work doctrine, and therefore, I would reverse the District Court’s summary judgment on that basis.
JUSTICE HUNT joins in the foregoing concurrence and dissent.